IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02050-REB-CBS

PEDRO RODRIGUEZ,
    Plaintiff,
v.

COLORADO DEPARTMENT OF CORRECTIONS AT THE BUENA VISTA CORRECTIONAL COMPLEX,
WARDEN GEORGE DUNBAR,
EXECUTIVE DIRECTOR ARISTEDES ZARARAS [sic], and
DEPARTMENT HEAD OF MEDICAL AT BUENA VISTA CORRECTIONAL COMPLEX DOUG ROBERTS,
    Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Plaintiff Rodriguez' Motion for the Appointment of Counsel (filed March 3, 2008) (doc. # 23); and (2) Mr. Rodriguez' "Motion for the Delay or Waiver of Deportation" (filed March 3, 2008) (doc. # 22). Pursuant to the Order of Reference dated February 12, 2008 (doc. # 17) and the memorandum dated March 4, 2008 (doc. # 24), these matters were referred to the Magistrate Judge. The court has reviewed the pending matters, the entire case file and the applicable law and is sufficiently advised in the premises.

    First, indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

    Whether to request counsel is left to the sound discretion of the trial court. *Rucks v.*

1

*Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Rodriguez' request for appointed counsel and the appropriate factors. As a *pro se* litigant, Mr. Rodriguez is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Mr. Rodriguez has thus far adequately presented his claims unaided by counsel. After an initial review of the Prisoner Complaint (doc. # 5), the court is within its discretion in declining to request counsel to represent Mr. Rodriguez.

Second, Mr. Rodriguez cites and the court finds no authority for the court to stay a deportation proceeding pending completion of this civil action. This civil action contests conditions of confinement, not the fact or duration of confinement or possible deportation proceedings. Issues of deportation and removal are issues that must proceed in habeas corpus. *See generally Preiser v. Rodriguez*, 411 U.S. 475 (1973). Mr. Rodriguez' motion to stay deportation or removal is not properly entertained in this civil action. *See Butros v. I.N.S.*, 804 F. Supp. 1336, 1340 (D. Or. 1991) (not an abuse of discretion to deny a petitioner's request for a stay pending resolution of malpractice claims against petitioner's

former attorney).

Accordingly, IT IS ORDERED that:

1. Plaintiff Rodriguez' Motion for the Appointment of Counsel (filed March 3, 2008) (doc. # 23) is DENIED.

2. Mr. Rodriguez' "Motion for the Delay or Waiver of Deportation" (filed March 3, 2008) (doc. # 22) is DENIED.

DATED at Denver, Colorado, this 10th day of March, 2008.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge