IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02050-REB-CBS

PEDRO RODRIGUEZ,
    Plaintiff,
v.

COLORADO DEPARTMENT OF CORRECTIONS AT THE BUENA VISTA
CORRECTIONAL COMPLEX, WARDEN GEORGE DUNBAR,
EXECUTIVE DIRECTOR ARISTEDES ZAVARAS, and
DEPARTMENT HEAD OF MEDICAL AT BUENA VISTA CORRECTIONAL COMPLEX,
DOUG ROBERTS,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Plaintiff Rodriguez' "Temporary Restraining Order Relief" (filed October 1, 2007) (doc. # 4) (docketed by the Clerk of the Court as "Motion for Temporary Restraining Order"); and (2) Defendants' Motion to Dismiss (filed March 12, 2008) (doc. # 28). Pursuant to the Order of Reference dated February 12, 2008 (doc. # 17) and the memoranda dated February 12, 2008 (doc. # 18) and March 12, 2008 (doc. # 28), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, the pleadings, the entire case file and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Proceeding *pro se*, Mr. Rodriguez filed his Prisoner Complaint on October 18, 2007. (*See* doc. # 5). At all times relevant to the Complaint, Mr. Rodriguez was incarcerated in the Buena Vista Minimum Center of the Colorado Department of Corrections ("CDOC"). Defendant Dunbar was employed as the Warden of the Buena Vista Minimum Center. (*See* Complaint (doc. # 5) at p. 2 of 10). Defendant Zavaras

was employed as the Executive Director of CDOC. (*See id.*). Defendant Roberts was the Department Head of Medical at the Buena Vista Minimum Center. (*See id.*). Mr. Rodriguez alleges a single claim pursuant to 42 U.S.C. § 1983 for failure to provide medical care for Hepatitis C, in violation of the Eighth Amendment to the U.S. Constitution. As relief, Mr. Rodriguez seeks compensatory damages and injunctive relief in the form of "[t]otal and complete treatment for Hepatitis (C) [sic] . . . within the next 30 days from date of this complaint." (*See* Complaint (doc. # 5) at p. 8 of 10).

II.   Defendants' Motion to Dismiss
A.    Standard of Review

Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S.Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

The court must construe Mr. Rodriguez' Complaint liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[a] pro se litigant's pleadings are to be construed liberally") (citations omitted). However, the court cannot be a *pro se* litigant's advocate. *Hall*, 935 F. 2d at 1110. A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General*

*Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

Although Mr. Rodriguez' response to Defendants' Motion to Dismiss was due on or before April 18, 2008, no response has been filed. (*See* doc. # 32 (setting April 18, 2008 as the deadline for Mr. Rodriguez to respond to Defendants' Motion to Dismiss); doc. # 37 (reminding Mr. Rodriguez that his response to Defendants' Motion to Dismiss "was due on or before April 18, 2008 and no response has been filed")). "[A] district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.' " *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)). "This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Issa*, 354 F.3d at 1177-78 (internal quotation marks and citations omitted). "[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa*, 354 F.3d at 1177-78 (internal quotation marks and citations omitted).

B. Analysis

Mr. Rodriguez brings his claim pursuant to 42 U.S.C. §1983, which creates a cause of action where a "person . . . under color of any statute, ordinance, regulation,

custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution." Mr. Rodriguez appears to name three Defendants, Dunbar, Zavaras, and Roberts, in this lawsuit. (*See* Complaint (doc. # 5) at p. 2 of 10 (listing three Defendants); *but see* doc. # 20 (waiver of service of summons by Dunbar, Zavaras, Roberts, and Colorado Department of Corrections) doc. # 21 (Notice of Entry of Appearance for Defendants Dunbar, Zavaras, Roberts, and Colorado Department of Corrections); doc. # 27 (same))).

1. Liability under § 1983 of Defendants in their Official Capacities

It is not clear whether Mr. Rodriguez is suing Defendants in their individual capacities, their official capacities, or both. (*See* Complaint (doc. # 5) at p. 2 of 10). To the extent that Mr. Rodriguez is suing Defendants Dunbar, Zavaras, and Roberts in their official capacities, he is actually attempting to impose liability on their employer, the State of Colorado. *See Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) ("[a] judgment against a public servant in his official capacity imposes liability on the entity he represents"); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself").

The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Absent considerations not present in this case, the Eleventh Amendment forbids a suit for damages against a state in federal

court. *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). Thus, any claim for money damages brought against the Defendants in their official capacities is barred by the Eleventh Amendment. *Edelman*, 415 U.S. at 663. Likewise, to the extent that Mr. Rodriguez is suing the Colorado Department of Corrections, his claim for money damages is barred by the Eleventh Amendment.

2. Liability under § 1983 of Defendants in their Individual Capacities

The Eleventh Amendment does not bar actions for damages against state officials in their individual capacities. *Kentucky v. Graham*, 473 U.S. 159, 164 (1985). To the extent that Mr. Rodriguez is suing Defendants in their individual capacities, personal capacity suits pursuant to § 1983 seek to impose personal liability upon a government official for actions he or she takes under color of state law. *Graham*, 473 U.S. at 165-67. Individual liability under § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility. *See Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997) (individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation) (citation omitted); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation is an essential allegation in a civil rights action) (citation omitted); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim.").

A defendant may not be held liable merely because of his or her supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). There must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). *See also Stidham v. Peace Officer Standards and Training*, 265 F.3d

1144, 1157 (10th Cir. 2001) (for § 1983 claim, affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial").

Defendants Dunbar, Zavaras, and Roberts argue that Mr. Rodriguez has failed to plead sufficient facts to demonstrate that they had any personal participation in or any supervisory liability for the alleged violation of Mr. Rodriguez' Eighth Amendment rights. The court agrees.

Mr. Rodriguez alleges only that Defendants Dunbar, Zavaras, and Roberts had supervisory control over the Medial Department at the Buena Vista Minimum Center. (*See* Complaint (doc. # 5) at p. 2 of 10 ("The Warden office controls the Medical Department here Buena Vista Correctional Complex [sic] . . . His office control all Colorado Department of Corrections medical Departments [sic] . . . Mr. Roberts control all of the medical staff here at the Buena Vista Correctional Complex [sic]."). Mr. Rodriguez does not identify any specific action Defendants Dunbar, Zavaras, or Roberts took that gave rise to a constitutional violation. *See McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983) (an individual cannot be held liable in a section 1983 action unless he "participated or acquiesced" in an alleged constitutional violation). Mr. Rodriguez has not alleged that Defendants Dunbar, Zavaras, or Roberts were even aware of any denial of medical treatment in violation of his constitutional rights.[1] Mr. Rodriguez has not adequately alleged "an affirmative link between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotation marks and citations omitted). Mr.

---

[1] Defendant Roberts' signature on a grievance response (*see* doc. 3 4 at p. 5 of 5) does not establish Defendant Roberts' personal participation in decisions relating to medical care. *See Joyner v. Greiner*, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002) (the fact that supervisor "affirmed the denial of plaintiff's grievance – which is all that is alleged against him – is insufficient to establish personal involvement").

Rodriguez' claim against Defendants Dunbar, Zavaras, and Roberts is merely a *respondeat superior* claim that is insufficient to state a claim upon which relief can be granted. Defendants Dunbar, Zavaras, and Roberts are properly dismissed from this civil action.

      3.     Mr. Rodriguez' Request for Injunctive Relief

In addition to compensatory damages, Mr. Rodriguez seeks prospective injunctive relief in the form of "[t]otal and complete treatment for Hepatitis C." (*See* Complaint (doc. # 5) at p. 8 of 10). Actions in federal court seeking injunctive relief against state officials are not always barred by the Eleventh Amendment. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that the Eleventh Amendment generally does not bar official-capacity claims seeking prospective injunctive relief from a state official). *See also Will*, 491 U.S. at 71 n. 10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' ") (quoting *Kentucky v. Graham*, 473 U.S. at 167 n. 14); *Quern v. Jordan*, 440 U.S. 332, 337 (1979)("a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law, even though such an injunction may have an ancillary effect on the state treasury") (citing *Ex parte Young*, 209 U.S. 123 (1908); *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1188 (10th Cir. 1998) ("Under the *Ex parte Young* legal fiction, when an official of a state agency is sued in his official capacity for prospective equitable relief, he is generally not regarded as 'the state' for purposes of the Eleventh Amendment and the case may proceed in federal court.").

At the time Mr. Rodriguez filed this lawsuit, he was incarcerated at the Buena Vista Minimum Center of the CDOC. Mr. Rodriguez has recently been paroled from

CDOC and placed in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") to await deportation to Mexico. (*See* docs. # 35 and # 30). In a recent telephone call to the court, Mr. Rodriguez confirmed that he is currently is the custody of ICE. Mr. Rodriguez' request for injunctive relief falls squarely within the mootness doctrine, as any injunctive relief directed to these named Defendants would have no practical impact now that Mr. Rodriguez is no longer in the custody of the CDOC. *See Tucker v. Phyfer*, 819 F.2d 1030, 1034 n. 3 (11th Cir. 1987) (mootness usually requires dismissal "because of events occurring after the plaintiff filed suit" such that "any relief the court might grant would be of no utility to the plaintiff"); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."); *Perez v. Secretary of Health, Education, and Welfare*, 354 F. Supp. 1342, 1346 (D.P.R. 1972) (a request for injunctive relief is generally moot where "the question presented for decision seeks a judgment upon a matter which, even if the sought judgment were granted, could not have any practical effect upon the parties").

Here, Defendants are under no obligation to provide the specific medical care sought by Mr. Rodriguez because he is no longer incarcerated in the CDOC. *See, e.g., McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (stating that release to parole from prison generally moots claims for injunctive relief); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (dismissing as moot a prisoner's First Amendment claim for declaratory relief after prisoner was transferred to a different prison); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (prisoner's transfer to another prison mooted his claims for injunctive and declaratory relief); *White v. State of Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (deeming claims for prospective injunctive relief moot in light of inmate's release on parole); *Woulard v. Food Service*, 294 F. Supp. 2d 596, 602 (D. Del. 2003) (inmate's transfer from state prison to federal prison mooted his claim for

injunctive relief against state prison officials pursuant to § 1983).

Nor is this the type of claim to which an exception to the mootness doctrine applies, as there is no reasonable expectation that Mr. Rodriguez will be subjected to this conduct again. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (recognizing exception to the mootness doctrine where there is a "reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party") (internal quotation marks and citation omitted). *See also City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) ("[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality.").

In sum, Mr. Rodriguez' request in the Complaint for injunctive relief is moot.


III.    Motion for Temporary Restraining Order

Mr. Rodriguez has also filed a document entitled "Temporary Restraining Order Relief" (doc. # 4), which has been docketed by the Clerk of the Court as "Motion for Temporary Restraining Order."


A.    Standard of Review

Under Fed. R. Civ. P. 65(b), a temporary restraining order may be granted only if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant." A moving party must demonstrate certain prerequisites for temporary or preliminary injunctive relief:

> (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

*Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). A moving party may have an "even heavier burden" of showing a compelling basis for injunctive relief where the requested preliminary injunction would disturb the status quo, is mandatory as opposed to prohibitory, or would provide the moving party with substantially all the relief he may recover after a full trial on the merits. *Kikumura*, 242 F.3d at 955. The relief sought by Mr. Rodriguez would alter rather than preserve the status quo and would constitute a mandatory injunction. "Such disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005) (internal quotation marks and citation omitted).

In light of the issues raised by Defendants' Motion to Dismiss and discussed by the court in this Recommendation, Mr. Rodriguez has not demonstrated a substantial likelihood of success on the merits of the case. Mr. Rodriguez has not addressed the additional prerequisites for temporary or preliminary injunctive relief. Because Mr. Rodriguez has failed to satisfy the four prerequisites, he has not sustained his burden of demonstrating a compelling basis for a temporary restraining order or preliminary injunctive relief. Further, Mr. Rodriguez' motion for temporary injunctive relief is moot, as he has been placed in federal custody and is no longer in the custody of the CDOC.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff Rodriguez' "Temporary Restraining Order Relief" (filed October 1, 2007) (doc. # 4) (docketed by the Clerk of the Court as "Motion for Temporary Restraining Order") be DENIED.

2. Defendants' Motion to Dismiss (filed March 12, 2008) (doc. # 28) be GRANTED and this civil action be dismissed.

Further, in light of the Recommendation that this civil action be dismissed, **IT IS ORDERED that the Motion Hearing set on June 30, 2008 is VACATED**.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate

Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 16th day of June, 2008.

BY THE COURT:


   s/Craig B. Shaffer   
United States Magistrate Judge